D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

**REZART ZEQO,**

       **Plaintiff,**

  v.

**SELCO MANUFACTURING CORP. and PETER HUTCHINSON,**

       **Defendants.**

-----------------------------------------------------------x

CASE NO.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Rezart Zeqo alleges as follows:

**JURISDICTION AND VENUE**

1.    This diversity action is brought by Plaintiff, a New York citizen who resides in this district, was employed by Defendants as a Business Development Executive. Plaintiff seeks monetary damages and other relief permitted under the New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. § 34:19 ("NJCEPA"), and New Jersey State Wage Payment Law ("WPL"), N.J. Stat. §§ 34:11-4.1 *et seq*.

2.    This Court has original federal diversity jurisdiction under 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen and resident of New York. Defendant

1

Selco Manufacturing Corporation is a corporation incorporated in New Jersey and headquartered in West Caldwell, NJ. Defendant Peter Hutchinson is an individual residing in New Jersey.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Plaintiff is a resident of this District.

## PARTIES

4. Defendant Selco Manufacturing Corp. ("Selco") is a business incorporated in New Jersey and headquartered in West Caldwell, NJ. Selco is a custom steel fabricator specializing in structural and miscellaneous fabrication used to build and maintain infrastructure.

5. Defendant Peter Hutchinson is the owner and CEO of Selco and was Plaintiff's direct boss.

6. Plaintiff Rezart Zeqo is a resident of New York and lives in Staten Island. He was employed by Defendants for roughly one and one-half years ending in January 2021.

## FACTS

7. Plaintiff began his employment with Defendants as a Business Development Executive in mid-2019.

8. Plaintiff's job was to develop new business and sell fabrication products to new and existing customers, all of whom were located in New York state.

9. Plaintiff's designated sales territory included the five boroughs of New York City and Long Island.

10. Plaintiff was not responsible for any sales or accounts located in the state of New Jersey.

11. During Plaintiff's employment, Plaintiff only worked at Selco's headquarters in New Jersey approximately two days a week. Plaintiff spent approximately 3 days a week traveling throughout New York City and Long Island developing and maintaining business relationships and closing sales deals.

12. Plaintiff was an excellent performer with objectively strong sales figures.

13. Plaintiff was paid a salary and commissions. On the strength of Plaintiff's performance, he received a raise in November 2020 from a 2% commission structure to a 4% commission structure.

14. In late December 2020, Defendant Hutchinson arrived at Selco's facility appearing visibly unwell and showing symptoms of COVID-19, including coughing and fatigue.

15. Plaintiff suggested that Defendant Hutchinson take a COVID test for his own benefit and for the safety of the others at the facility who came in frequent close contact with him.

16. Defendant Hutchinson refused to take a COVID test or even to check his temperature as other Selco employees were required to do daily. Defendant Hutchinson insisted he was fine and did not need to take a COVID test.

17. The Selco employees working at the facility were left in the extremely uncomfortable and upsetting position of being forced to work with someone who was clearly exhibiting COVID symptoms.

18. As Defendant Hutchinson was well aware, Plaintiff's elderly mother lives with him, and the possibility of exposing his mother to COVID was terrifying to Plaintiff.

19. On December 24, 2020, Selco held a holiday party at its facility. At that time Defendant Hutchinson was still showing signs of having COVID.

20. Despite Plaintiff's pleas, Defendant Hutchinson still refused to take a COVID test, and he insisted on attending the party, during which he failed to follow proper social distancing and PPE protocols.

21. Several days later, on December 29, Defendant Hutchinson informed a group of Selco employees that he in fact tested positive for COVID in the following text message:



22. At least four employees who attended the holiday event and came in close contact with Defendant Hutchinson (sometimes without a mask) tested positive for COVID after the event.

23. On December 30, 2020, Plaintiff complained to Defendant Hutchinson about his illegal and dangerous behavior in the following text:

4



> Not feeling so good today, woke up with a headache, itchy throat and body feeling tired. I guess I didn't kick my chair back enough when you caughed next to me during the sales meeting Pete. Im worried about my wife who has asthma, and my mother who has all sorts of health issues. I dont think you should've put everyone at risk by coming to work with all the symptoms you had last week. Dont forget you kicked me out of a meeting because I didnt have my negative test result physically even though I got tested and already had a verbal answer that I was negative. You still wanted to see it on paper, which I thought was fair. I dont think the way you handled your symptoms was fair to the rest of us, as this is not a joke, and from all our prior conversations about covid 19 this year I believe you know this better than anyone else. Feel free to call me if you want to talk about it.

24. Plaintiff sent this text to Defendant Hutchinson from his home in Staten Island.

25. Several days later, Selco's CFO, Steve Venechanos, asked Plaintiff to "keep this [the issue of Defendant Hutchinson callously exposing the entire office to Covid] quiet."

26. The next time Selco opened its facility was January 4, 2021, and it did so in a very limited capacity. Plaintiff and his coworkers were not expected to appear at work that day.

27. The following day, January 5, 2021, Defendant Hutchinson asked Plaintiff not to come to work.

28. The following day, Defendant Hutchinson and Mr. Venechanos called Plaintiff and informed Plaintiff that they had "done [his] performance review," and he was terminated effective immediately.

29. Plaintiff was at home in Staten Island when he was terminated.

30. Defendants' comment was absurd. Plaintiff was an excellent performer, and his sales number were objectively very strong. Before Plaintiff complained about COVID exposure, Defendants had never critiqued any aspect of Plaintiff's performance.

31. Defendants clearly fired Plaintiff in retaliation for his having engaged in whistle-blowing activity.

32. Plaintiff "closed" several deals in the last quarter of 2020, for which he is entitled to commission pay. Such pay would have normally been paid to Plaintiff on January 22, 2021. Defendants have not paid Plaintiff these earned commissions.

33. These unpaid commissions are from deals that were executed in New York State, including in this judicial district, and with clients who are located in New York State, including in this judicial district.

**FIRST CLAIM FOR RELIEF**
**(Retaliation in Violation of the**
**New Jersey Conscientious Employee Protection Act,**
**N.J. Stat. Ann. § 34:19)**

34. Plaintiff realleges and incorporates by reference all previous paragraphs.

35. The New Jersey Conscientious Employee Protection Act ("CEPA") prohibits employers from taking "any retaliatory action against an employee because the employee . . . [o]bjects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes: (1) is in violation of a law . . . [or]; (2) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment." N.J. Stat. Ann. § 34:19-3(c).

36. Plaintiff engaged in protected activity under CEPA when he complained to his superiors about failure to adhere to proper COVID-related protocols.

37. Defendants' termination of Plaintiff constitutes illegal retaliation for plaintiff's protected activity under CEPA.

38. Defendants' conduct was intentional deliberate, willful, and conducted in callous disregard for Plaintiff's protected rights.

39. As a direct and proximate result of Defendants' illegal retaliation, Plaintiff has suffered and will continue to suffer harm and is entitled to all equitable and legal remedies available under the CEPA including, but not limited to reinstatement, restoration of benefits, back pay, front pay, compensatory and punitive damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Untimely Payment of Wages –**
**New Jersey State Wage Payment Law,**
**N.J. Stat. §§ 34:11-4.1 *et seq*.)**

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41. Defendants failed to pay Plaintiff his commissions in a timely manner.

42. Plaintiff seeks damages in the amount of his withheld wages, liquidated damages, pre-post judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A) For compensatory, liquidated and punitive damages in an amount to be determined by the trier of fact;

(B) For reasonable attorneys' fees, interest, and costs of suit;

(C) For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York  
      May 6, 2021

Respectfully submitted,  
JOSEPH & KIRSCHENBAUM LLP

By: /s/D. Maimon Kirschenbaum

D. Maimon Kirschenbaum  
Michael DiGiulio  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 981-9587

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.